IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MACKS LARON WISE, ID # 1510003, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-1665-G (BH) |
| | ) | ECF |
| WARDEN NFN CARMONA, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

Petitioner, a state prisoner currently incarcerated in Hutchins State Jail, filed this habeas action pursuant to 28 U.S.C. § 2241 to challenge the manner in which his federal sentence is being executed and the calculation of credit to his federal sentence. He names Warden Carmona as respondent.

Upon his plea of guilty to a counterfeiting charge, the United States District Court for the Western District of Texas sentenced petitioner to three years probation. On March 24, 2008, petitioner was arrested for violating the terms of his probation. In May 2008, the Western District revoked petitioner's probation and sentenced him to twelve months imprisonment. While he waited for the United States Marshals to take him from county jail to prison, he appeared in state court on a state charge, and the State put him in state jail on July 1, 2008, after sentencing him to a term of

---

[1] The background information is taken from petitioner's federal petition for writ of habeas corpus and matters of public record from his federal conviction in *United States v. Wise*, 6:07-CR-019-WSS.

imprisonment to run concurrently with his federal sentence.

The Court received the instant petition filed pursuant to 28 U.S.C. § 2241 on September 19, 2008. Petitioner challenges the amount of time credited to his federal sentence and the decision to move him to state jail rather than permitting him to first serve his federal sentence. He wants to be returned to federal custody.

## II. EXHAUSTION

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Although exhaustion is not a jurisdictional requirement in the context of a § 2241 petition, *see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *6 (N.D. Tex. Mar. 28, 2007) (accepting recommendation of Mag. J.), prisoners who challenge the calculation of their federal sentences should exhaust the remedies provided by the Bureau of Prisons (BOP), *see, e.g.*, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *1 (N.D. Tex. Oct. 8, 2003) (findings and recommendation), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003). Prisoners must likewise exhaust available BOP remedies regarding claims concerning prison placement decisions. *Collins v. United States*, No. 3:07-CV-358-LAC-EMT, 2008 WL 619348, at *3 (N.D. Fla. Mar. 4, 2008) (accepting recommendation of Mag. J.). *See also United States v. Pineyro*, 112 F.3d 43, 45-46 (2d Cir. 1997) (holding that prisoners must exhaust appropriate administrative remedies before seeking review of designation of facility).

Nevertheless, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller*, 11

F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If an inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

In this instance, petitioner concedes that he has taken no steps to informally or formally resolve his challenges through the BOP. He has bypassed all administrative remedies to pursue this § 2241 action. He makes no allegation that administrative remedies are either unavailable or wholly inappropriate to the relief sought, or that an attempt to exhaust such remedies would be futile. Consequently, the Court should dismiss this action without prejudice due to petitioner's failure to exhaust administrative remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 without prejudice for the failure of petitioner to exhaust administrative remedies.

**SIGNED this 27th day of September, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE